By the Court :
At the time of the divorce, both parties were residents of Cuyahoga county, and personal service was had upon the husband, and the divorce was absolute, the decree giving the custody of the children to the wife. The court had full jurisdiction of the parties and of the subject-matter. In that respect this case differs from the cases of *103 Mansfield v. McIntyre, 10 Ohio, 27; Cox v. Cox, 19 Ohio St., 502; 20 Ohio St., 439; and Woods v. Waddle, 44 Ohio St., 449. In those eases the proceedings were ex pa/rte, without personal service, and in the Woods - Waddle Case, the application for alimony was dismissed without prejudice, to enable her to recover alimony elsewhere, for the reason that there was no personal service on the husband, and the court had no. jurisdiction of" his person. In the other cases there was no personal service on the wife, and the court had no' jurisdiction of the person. In cases in which there is no jurisdiction of the person of one of the parties, there can be no adjudication in personam of the question of alimony; and therefore in such cases, while- the divorce may be valid, the question of alimony remains unadjudicated, and the wife may, under proper circumstances, maintain an action for alimony.
But in actions for divorce in which the court has jurisdiction of both parties by personal service, the final decree of divorce will include all questions of alimony, and the wife cannot thereafter maintain a separate action against her late husband for such alimony.
The action for alimony is statutory, and- by sec tion 5702, Revised Statutes, it is provided that, “the wife may file her petition for alimony alone.” After an absolute divorce in an action in which the court had jurisdiction of both parties, she is no longer “thewife,” and does not come within the provisions of the statute. Strictly speaking, the same is true in eases in which the divorce was obtained by the husband in an ex parte proceeding, but as the wife in such cases has not had her day in court as to alimony, nor as to her equitable *104 interest in his property, this court, by a liberal construction in her favor, has allowed her in such cases to maintain a separate action against her divorced husband for the recovery of alimony, which is in its nature an equitable allowance out of his property. But the principle can not be extended so as to allow a woman who has been divorced in an action in which the court had jurisdiction of her person, to waive alimony in the divorce proceedings, and then years afterward maintain a separate action therefor.
The property of the husband is usually the result of the joint efforts of both husband and wife, and upon dissolution of the marriage she is entitled to her equitable share of the property as alimony. The amount of the equitable interest in the property can only be ascertained by a court upon a full hearing of all the facts and surroundings concerning the parties. Her equitable interest in such property is so connected and interwoven with the marriage relation, that it can be best ascertained and separated in the same action in which the marriage contract is severed by divorce. And when both parties have their day in court in the divorce proceedings, and permit the marriage contract to be severed, without at the same time having their property rights growing- out of such contract and relation, adjusted, it will be held that they have conclusively waived and withdrawn the consideration of that question from the court, and neither of them can thereafter be heard in aid of an adjudication as to such property, or as to such property rights. In such cases the courts will leave the parties where they have placed themselves.

Judgment affirmed'.